| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------x<br>In re:<br>      JAMES GREEN,<br>                      Debtor.<br>-------------------------------------------------x | FOR PUBLICATION<br><br>Case No.: 09-16701 (MG)<br>Chapter 13 |

**OPINION AND ORDER SANCTIONING THOMAS A. FARINELLA, ESQ. PURSUANT 28 U.S.C. § 1927 AND THE INHERENT POWER OF THE COURT FOR FAILURE TO COMPLY WITH 11 U.S.C. § 362(*l*)(5), AND PURSUANT TO LOCAL BANKRUPTCY RULE 9020-1 FOR FAILURE TO APPEAR AT HEARING**

*A P P E A R A N C E S:*

LAW OFFICES OF THOMAS A. FARINELLA
*Attorneys for Debtor*
275 Madison Avenue
Suite 1405
New York, NY  10016
By:   Thomas A. Farinella, Esq.

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
*Attorneys for Tenth Avenue Partners L.P.*
1501 Broadway
22nd Floor
New York, NY  10036
By:   Neil M. Rosenbloom, Esq.

Jeffrey L. Sapir
*Chapter 13 Trustee*
399 Knollwood Road
Suite 102
White Plains, NY 10603
By: Jody S. Kava, Esq.

DIANA G. ADAMS
*United States Trustee for Region 2*
**33 Whitehall Street, 21st Floor**
**New York, NY 10004**
By:   Greg M. Zipes, Esq.

1

**MARTIN GLENN**
**United States Bankruptcy Judge**

Attorneys appearing in bankruptcy court, whether representing debtors or creditors, are expected to adhere to high standards of professional conduct. Most do. Only when there has been a substantial departure from such standards must the Court deal with sanctions issues. This is such a case.

Thomas A. Farinella, Esq. ("Farinella") appears in this case for the debtor, James Green ("Debtor"). This is the second chapter 13 case filed by Farinella on Green's behalf. When Farinella filed Debtor's second chapter 13 case, Farinella failed to disclose, as required by the Bankruptcy Code, that the Debtor's landlord had obtained a state court prepetition judgment of possession entitling the landlord to proceed with the Debtor's eviction. This failure to disclose was not a trifling matter, as the effect was improperly to delay the landlord's efforts to evict the Debtor. It also forced the landlord to make an otherwise unnecessary motion to lift the automatic stay or to obtain an order that no stay was in place. Compounding the impropriety, Farinella failed to appear at the hearing on the landlord's motion to lift the stay.

For the reasons explained below, Farinella's conduct warrants the award of substantial sanctions.

## BACKGROUND

Prior to filing for bankruptcy protection the first time, Debtor defaulted on lease payments to his landlord, Tenth Avenue Partners L.P. (the "Landlord") on 299 Tenth Avenue, Apartment 5-A, New York, NY 10001 (the "Apartment"). On May 27, 2008, Landlord began efforts to evict the Debtor from the Apartment in the Civil Court of the City of New York, County of New York, Housing Part C ("Housing Court"). In response, Debtor, represented by Farinella, filed a chapter 13 petition on July 18, 2008. (Case No. 08-12767, ECF #1.) The Court

2

dismissed the petition on October 28, 2008, on motion of the Chapter 13 Trustee ("Trustee"), due to Debtor's failure to file a plan, make plan payments, or provide tax returns to the Trustee. (*Id.*, ECF # 8.) Following dismissal, the Landlord continued its eviction efforts.

The Housing Court entered a judgment of possession and issued a warrant of eviction on September 24, 2009. Debtor filed an Order to Show Cause with the Housing Court to stay the eviction. On November 5, 2009 the Housing Court denied the Order to Show Cause and vacated all stays in the case, essentially permitting the Landlord to complete the eviction with "no further notice required."

On Tuesday, November 10, 2009, the Debtor filed his second chapter 13 bankruptcy petition, again represented by Farinella. (Case No. 09-16701, ECF #1.) The petition, however, did not disclose that the Landlord had obtained a judgment of possession, as required by 11 U.S.C. § 362(*l*)(5)(A). Nor did Farinella (i) file and serve the certification required by 11 U.S.C. § 362(*l*)(1) or (ii) deposit rent with the Clerk of the Bankruptcy Court that would become due in the 30-day period after the bankruptcy filing, as mandated by 11 U.S.C. § 362(*l*)(1)(B), in order to reinstate the automatic stay.

Farinella's failure properly to disclose the judgment of possession and serve the required certifications forced the Landlord to move the Court to lift the automatic stay against eviction from the Apartment. (ECF # 2.) The Landlord's motion correctly argued that the automatic stay was never in effect due to the Debtor's failure to comply with the requirements of 11 U.S.C. § 362(*l*)(1). Farinella did not file an objection or otherwise respond to the Landlord's motion. The Court heard the motion on December 10, 2009, and entered an Order confirming the absence of the automatic stay. (ECF # 8.) Farinella failed to appear at the hearing.

3

The Court issued an Order to Show Cause why Mr. Farinella should not be sanctioned pursuant to Local Rule 9020-1, 28 U.S.C. § 1927, and the inherent power of the Court for his failure to (i) comply with the requirements of 11 U.S.C. § 362(*l*); and (ii) appear at the December 10, 2009 hearing. (ECF # 9.) A hearing was scheduled for January 14, 2010. The Order to Show Cause permitted the Landlord to file, on or before December 30, 2009, declarations setting forth any damages or injury allegedly suffered by the Landlord by reason of Farinella's conduct. It also required Farinella to file any written response on or before January 7, 2010 at 5:00 p.m. The Landlord's counsel filed such a declaration on December 24, 2009. (ECF # 10.) Farinella was also required to appear at the January 14, 2010 hearing.

Farinella did not file any written response before the January 7 deadline. He did file an untimely response at 10:28 p.m., January 13, 2010, the evening before the sanctions hearing. (ECF # 13.) Farinella's response acknowledges that he failed to appear at the December 10, 2009 hearing, contending that his car broke down in route. He did not explain why he didn't call the Court then or afterward to explain the reason for his absence.[1] Farinella's late filing offers no explanation for his failure to comply with the requirements of 11 U.S.C. § 362(*l*).

During the January 14, 2010 hearing, Farinella ascribed his failure to disclose the prepetition judgment of possession in the chapter 13 petition as simply a mistake in filing the wrong version of the petition. He acknowledged knowing about the judgment of possession. He did not explain why, if it was a mistake, he waited until the night before the sanctions hearing to also file an amended chapter 13 petition disclosing the judgment (*see* ECF # 12).

---

[1]    Farinella has a prior history of having sanctions imposed for, among other reasons, failing to appear at scheduled hearings in the bankruptcy court. *See In re Dolphin*, Case No. 09-22789 (RDD), ECF # 16 (August 19, 2009), in which Judge Drain of this Court imposed sanctions against Farinella after he failed to appear at two scheduled hearings.

4

A. **Overview of Bankruptcy Sanctions Powers**

The Court has the power to sanction Farinella for this conduct pursuant to (1) its inherent power, (2) 28 U.S.C. § 1927, and (3) Local Bankruptcy Rule 9020-1. "Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996); *In re 680 Fifth Ave. Assoc.*, 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998) ("Bankruptcy courts have the same inherent sanction authority as district courts . . . ."). Similarly, bankruptcy courts may sanction attorneys who unreasonably and vexatiously multiply court proceedings pursuant to 28 U.S.C. § 1927. *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991) (observing that bankruptcy courts "may impose sanctions pursuant to 28 U.S.C. § 1927"); *In re Truong*, No. 07-12194, 2008 WL 1776227, at *5 (Bankr. S.D.N.Y. Apr. 14, 2008) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 under the same standard as a district court.") (Peck, J.). Finally, Local Bankruptcy Rule 9020-1 permits a court to award sanctions when counsel has failed to appear or to complete preparations necessary for a hearing.

B. **The Court May Sanction Farinella for Failing to Comply with 11 U.S.C. § 362(*l*)(5)(A)**

Courts may use their inherent power to sanction attorneys for actions taken on behalf of a client in the course of litigation, so long as those actions were taken in bad faith. *Wilder v. GL Bus Lanes*, 258 F.3d 126, 130 (2d Cir. 2001) (observing that sanctions are appropriate under court's inherent power "where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the litigation"); *U.S. v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000); *Lubit v. Chase (In re Chase)*, 327 B.R. 142, 154–55 (Bankr. S.D.N.Y. 2007). Likewise, courts may sanction attorneys pursuant to 28 U.S.C. § 1927 when an "attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for

5

some improper purpose such as delay." *Revson v. Cinque & Cinque*, 221 F.3d 71, 79 (2d Cir. 2000) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)) (internal quotation marks omitted) (emphasis in original).

The same standard applies to both theories. *Oliveri*, 803 F.2d at 1273 ("we hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to involve the court's inherent power"); *In re Truong*, 2008 WL 1776227, at *5 ("There is no meaningful difference between the type of conduct that is sanctionable under the Court's inherent power and under 28 U.S.C. § 1927 because both require a similar finding of bad faith."). "To impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisenmann v. Greene*, 204 F.3d 393, 395–96 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). Courts require a finding of bad faith to sanction an attorney's actions taken on behalf of a client to ensure that an "attorney's legitimate efforts at mere zealous advocacy for the client" are not punished while keeping courts unencumbered by "litigation that is undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons." *Seltzer*, 227 F.3d at 40 (quoting *Oliveri*, 803 F.2d at 1272) (internal quotation marks omitted). Courts must find bad faith based on clear evidence. *Revson*, 221 F.3d at 79 ("[T]o impose sanctions under either authority, the trial court must find *clear* evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.") (emphasis added).

Here, there was no colorable reason for Farinella to omit disclosure of the judgment of possession obtained by the Landlord before Farinella filed Debtor's second chapter 13 petition.

6

*Cf. Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 472–73 (S.D.N.Y. 2008) ("A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.") (quoting *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980)) (internal quotation marks omitted). Section 362(*l*)(5)(A) of the Bankruptcy Code clearly requires the debtor to state in his petition when "a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor." 11 U.S.C. § 362(*l*)(5)(A). Farinella knew about the judgment of possession before he filed the Debtor's second chapter 13 petition. The effect of a prepetition judgment of possession is to deprive a debtor of the benefit of the automatic stay. *See* 11 U.S.C. § 362(b)(22). If the petition discloses the judgment of possession, and the debtor fails to comply with 11 U.S.C. § 362(*l*)(1) and (*l*)(2), the Clerk of the Court "shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22)." 11 U.S.C. § 362(*l*)(4)(B). The landlord could then proceed with a state court-ordered eviction without delay or the necessity and expense of a motion to lift the stay or for an order confirming the absence of a stay. There is simply no legitimate reason knowingly to omit this information from the bankruptcy petition. The Court can discern no reason, other than delay, why Farinella failed to list the Landlord's judgment of possession in the bankruptcy petition.

Farinella's intent to delay is also clear from his failure to amend the petition once the Landlord filed a motion to lift the stay. The Landlord's motion to lift the automatic stay alerted Farinella to the missing information required by section 362(*l*)(5)(A). At the very least, Farinella should have contacted the Landlord's counsel to explain the omission and to consent to the requested relief. Farinella did not do so. In fact, Farinella failed to appear at the hearing on the

7

Landlord's motion. Attorneys are under a continuing duty to correct erroneous filings and the Court may sanction counsel for a bad faith failure to do so pursuant to its inherent power and 28 U.S.C. § 1927. *See Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) ("We have also interpreted § 1927 to impose a continuing duty upon attorneys to dismiss claims that are no longer viable.") (citation and internal quotation marks omitted); *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 482 (S.D.N.Y. 2003) (observing that courts may impose sanctions when attorneys continue to pursue meritless litigation avenues); *see generally* GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE §§ 23(A)(3), 26(E)(3) (2000).

Farinella's statement at the sanctions hearing that he filed the wrong version of the petition by "mistake" is totally belied by his failure to file the "correct" petition until January 13, 2010, the night before the sanctions hearing. The time to correct the mistake, if it was one, was as soon as Farinella received the Landlord's motion to lift the stay filed on November 20, 2009 (*see* ECF # 2), or even at some time before the December 10, 2009 hearing on the motion, which Farinella failed to attend, but certainly long before the January 14, 2010 sanctions hearing at which Farinella raised the mistake argument for the first time. The Court concludes that the evidence is clear and convincing that Farinella's actions in this case were taken in bad faith and designed to delay and frustrate the Landlord's efforts to evict the Debtor. Thus, the Court may sanction Farinella for his actions under its inherent power and 28 U.S.C. § 1927.

    **C.**    **The Court May Sanction Farinella for Failing to Appear at the December 10, 2009 Hearing**

Courts have the inherent power to sanction attorneys for "misconduct that is not undertaken for the client's benefit." *Seltzer*, 227 F.3d 36 at 41–42; *Wilder*, 258 F.3d at 130 (noting that courts may use inherent power to sanction actions "where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court"); *In re*

8

*Chase*, 327 B.R. at 154–55 (same).  This Court may also sanction an attorney pursuant to Local Rule 9020-1 for failure to "appear before the Court at a . . . hearing . . . ."  Local Rule 9021-1(a); *In re Chase*, 327 B.R. at 153.

No finding of bad faith is required for a court to issue sanctions in these circumstances. *Chase*, 327 B.R. at 153–55.  Local Rule 9020-1(b) clearly permits this Court to "assess reasonable costs directly against the party or counsel" for failing to appear at a hearing if those actions "obstruct[] the effective administration of the Court's business."  Moreover, courts have inherent power to ensure "the orderly and expeditious disposition of cases."  *Revson*, 221 F.3d at 78.  Attorneys may be sanctioned for negligently or recklessly failing to perform the duties expected of an officer of the court, resulting in the disruption and delay of proceedings.  *Seltzer*, 227 F.3d at 40−41 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)) (internal quotation marks omitted); *Wilder*, 258 F.3d at 130 (observing that sanctions are permissible "where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court").  Clear and convincing evidence of negligent or reckless behavior appears to be required to warrant sanctions under this standard.  *See In re Chase*, 327 B.R. 155 n.11 (requiring clear and convincing evidence to sanction reckless or negligent behavior, but observing that it is not clear whether this standard applies).

Here, it is undisputed that Farinella failed to appear at the December 10, 2009 hearing and failed to advise the Court before or after the hearing about the reasons he did not appear.  Pursuant to Local Rule 9020-1, this alone is grounds for the Court to order sanctions against Farinella.  The Court may also sanction Farinella pursuant to its inherent power for negligently failing to appear at the hearing.  While Farinella's late filing contends that car trouble made it "physically impossible" for him to appear at the December 10, 2009 hearing, he made no attempt

9

to contact the Court to inform it of his predicament, either before the hearing or at any time afterward until the eve of the sanctions hearing. Farinella's conduct in failing to appear or to notify the Court was, at the very least, negligent.

### D.     Determining the Amount of Sanctions

As permitted by the Order to Show Cause, the Landlord filed a declaration stating that Farinella's actions caused it to incur a total of $9,427.72 in damages. (ECF # 10). Farinella did not respond to the Landlord's evidence. The Landlord's damage calculation includes (i) $3,237.72 in monthly rent on the Apartment from the date of the Debtor's second bankruptcy filing until the date of the Debtor's eviction; (ii) $5,513.00 in attorneys fees and costs incurred in this Court during the Debtor's second bankruptcy, including the litigation of the lift stay motion; and (iii) $677.00 in attorneys fees and costs incurred in state court while attempting to evict the Debtor from the Apartment.

Section 1927 expressly permits courts to require attorneys "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Courts may also award attorneys' fees pursuant to their inherent power to sanction for bad faith conduct. *See, e.g.*, *Chambers*, 501 U.S. at 45–46 (observing that courts have the inherent power to award attorneys' fees for a party's bad faith conduct). Courts use a lodestar calculation to determine an appropriate sanction of attorney's fees. *In re Emanuel*, No. 97-44969, slip op. at 20 (Bankr. S.D.N.Y. Feb. 1, 2010) (citing *Harb v. Gallagher*, 131 F.R.D. 381, 348–85 (S.D.N.Y. 1990)). Only fees that are directly caused by the sanctionable conduct may be awarded. *In re Spectee Group*, 185 B.R. 146, 160 (Bankr. S.D.N.Y. 1995) ("The injured party can recover those attorney's fees incurred attributable to investigating, researching and fighting the debtor's meritless petition as well as the fees incurred to research, prepare and

10

prosecute its sanctions motion.") (quoting *PaineWebber, Inc. v. Can Am Fin. Group, Ltd.*, 121 F.R.D. 324, 334 (N.D. Ill. 1988) (internal quotation marks omitted). But, courts retain discretion over the final amount awarded and typically require the submission of detailed time records to determine whether the fees incurred are reasonable. *Id.* ("The party seeking the sanction must provide the Court with contemporaneous time and expense records that specify, for each attorney, the date, amount of time, and nature of the work performed, and must also show that the fees and expenses were reasonable and necessary.").

The Court awards sanctions of $4,353.00 in attorneys' fees and $150.00 in costs incurred in this Court resulting from Farinella's failure to comply with 11 U.S.C. § 362(l)(5)(A). This sanction shall be payable to the Landlord. The Landlord's counsel's time records reveal at least one task not entirely attributable to Farinella's wrongful conduct. The Debtor, who has creditors other than the Landlord, was entitled to file a second chapter 13 petition, even if it did not have the effect of staying eviction. The Landlord, as one of the Debtor's prepetition creditors, still needed to review the Debtor's filings. Thus, the Court declines to award as sanctions the fees arising from all of the time spent by the Landlord's counsel reviewing the Debtor's bankruptcy filing. The Court also declines to award full fees arising from so-called "block-billed" entries, or lumping time for multiple tasks. The lumping of time makes it impossible for the Court to determine whether the time spent on each task was reasonable. Lastly, the Court declines to award $100 in "out of pocket expenses." Expenses must be itemized to be reimbursable under Local Rule 2016-1 and General Order M-389.

The Court declines to award as sanctions attorneys' fees and costs incurred by the Landlord in state court. *See U.S. v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (observing that courts should use discretion and restraint when ordering sanctions). The Court

11

also declines to award as sanctions the $3,237.72 in missed rent payments while this matter has been pending. The Landlord seemingly argues that if not for Farinella's actions, it would have received access to the apartment in November and leased the apartment to another tenant shortly thereafter. This portion of the Landlord's damages' claim is speculative. *Cf. Three Crown Ltd. P'ship v. Salomon Bros., Inc.*, 906 F. Supp. 876, 890 (S.D.N.Y. 1995) (refusing to award consequential damages on speculative claims). While in an appropriate case with a stronger showing than the Landlord has made here unpaid rent might be recoverable as sanctions based on the inherent power of the Court, they would not be recoverable under 28 U.S.C. § 1927 which limits a sanctions award to "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *see generally* JOSEPH, *supra*, at § 28(A) (observing that courts have discretion to impose a wide variety of sanctions, including fines, award of attorneys' fees, dismissal of actions, and entering default judgments).

The Court will also order an additional sanction of $250 payable by Farinella to the Clerk of the Bankruptcy Court beacause Farinella failed to appear at the December 10, 2009 hearing. By failing to appear Farinella violated Local Rule 9020-1 and negligently carried out his duties as an officer of the Court.

**CONCLUSION**

Farinella is directed to pay $4,503.00 to the Landlord within twenty (20) days from the entry of this Order.  Additionally, Farinella is directed to pay the Clerk of the Bankruptcy Court $250 within twenty (20) days from the entry of this Order.  Farinella shall file a certification that he has made each of these payments no later than five (5) days after making the payments.

**IT IS SO ORDERED.**

DATED:  February 2, 2010
New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge